**GROTHEER & COMPANY, Appellee**

v.

**SAFE HAVEN ENTERPRISES, LLC, Appellant.**

**No. 15–7050.**

United States Court of Appeals, District of Columbia Circuit.

April 8, 2016.

Robert Courtney Gill, Saul Ewing LLP, Washington, DC, for Appellee.

Jason R. Mischel, Jason R. Mischel, LLC, New York, NY, for Appellant.

Before: GRIFFITH and KAVANAUGH, Circuit Judges, and SENTELLE, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R.App. P. 36; D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby **AFFIRMED.**

Safe Haven Enterprises is a general contractor that subcontracted engineering

work to Grotheer and Company. A dispute arose between the two parties, and Grotheer sued Safe Haven in U.S. District Court for breach of contract and unjust enrichment. A jury found in favor of Grotheer. Safe Haven now appeals. It raises two evidentiary arguments.

First, Safe Haven claims that the District Court abused its discretion by refusing to admit the testimony of two expert witnesses, Scott Sollay and Glenn Thibodeaux. The problem for Safe Haven is that it identified those experts nearly two and a half years after the District Court's deadline for disclosure of expert witnesses. Federal Rule of Civil Procedure 26 requires parties to disclose expert witnesses "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). Safe Haven failed to comply with the District Court's order.

When, as here, "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *Muldrow ex rel. Estate of Muldrow v. Re–Direct, Inc.*, 493 F.3d 160, 167 (D.C.Cir.2007). The District Court found that Safe Haven's late submission was neither substantially justified nor harmless. In this Court, Safe Haven argues that its late submission was harmless. The District Court carefully analyzed that question and concluded that Grotheer, at that late date, would not have an adequate opportunity to prepare for and rebut the opinions of the two Safe Haven experts. The District Court acted well within its discretion in reaching that conclusion. *See Muldrow*, 493 F.3d at 166.

Second, Safe Haven asserts that the District Court abused its discretion by allowing Grotheer to refer to a particular exhibit during closing argument. But the exhibit itself was properly admitted into evidence at trial. A party may of course refer to properly admitted evidence during closing argument.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.